

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Erik T. Robinson

      **vs.**

Cervelle Group
Cryo-Banks intl
BioStem Inc
Inca Designs Inc.
BioQuest Technologies
My Vintage Baby Inc.
Connect-A-Jet Inc

:
:
:
:
:
:
:
:

CIVIL ACTION NO. 08-cv-1592

**COMPLAINT**

SEE ATTACHED

RECEIVED

APR 2 2008

_____

Signature

_____

2735 Harper St   Phila., PA 19130
Address

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**Plaintiff**

Erik T. Robinson
2735 Harper Street
Philadelphia, PA 19130
215-519-6589

V.

Case # _____

**Defendants**

The Cervelle Group LLC
238 North Westmonte Drive Suite 210
Altamonte Springs, FL 32714
407-475-9966-phone (9859-fax)

My Vintage Baby
403 Powerhouse Street- Suite 301
McKinney, TX 75071
972-548-9850-phone  (9847-fax)

BioStem Inc.
200 Hannover Park Road- Suite 120
Atlanta, GA 30350
770-650-1733-phone (7215-fax)

Cryo-Banks International
270 Northlake Blvd- Suite 1000
Altamonte Springs, FL 32701
407-834-8333-phone (3533-fax)

BioQuest Technologies
801 Maplewood Drive- Suite 6
Jupiter, FL 33458
888-744-5758-phone (561-747-5191-fax)

Connect-A-Jet
9211 Waterford Center- Suite 200
Austin, TX 78758
512-615-2463-phone (512-366-9660-fax)

Inca Designs
53 West 36th Street Suite 906
New York, NY 10018
212-967-5212-phone  (212-327-2029-fax)

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

continued:

## Complaint

1-    This action is brought under the following statutes:

- 47 USC §227(b)(1)(C) Junk Fax Protection Act of 2005 (JFPA)

- 73 P.S. §2250.3 Pennsylvania Statute- Prohibition of Misleading Advertising

- 15 USC §78j(b)-Section 10b-5 of the Securities Exchange Act of 1934

2-    Jurisdiction on this matter is founded upon both 15 USC §78aa and 47 USC §227(b)(3)(C)
(See Plaintiff's Motion to the Court for Supplemental Jurisdiction)

Parties:

3-    The Plaintiff is Erik T. Robinson, an individual filing on his own behalf.

4-    Defendants are:

A-    The Cervelle Group LLC, a corporation headquartered in Florida and doing business
throughout the country.

B-    My Vintage Baby Inc., a corporation headquartered in Texas and doing business
throughout the country

C-    BioStem Inc., a corporation headquartered in Georgia and doing business throughout the
country.

D-    Cryo-Banks International, a corporation headquartered in Florida and doing business
throughout the country

E-    BioQuest Technologies Inc., a corporation headquartered in Florida and doing business
throughout the country

F-    Connect-A-Jet Inc., a corporation headquartered in Texas and doing business throughout
the country

G-    Inca Designs Inc., a corporation headquartered in New York and doing business
throughout the country

Background

5-    On May 22, 2007 at approximately 12:46am, Plaintiff received an unsolicited fax promoting
investment in shares of stock for BioStem Inc. with regard to their upcoming takeover by Cryo-Banks
International (see attached "A", copy of fax received by Plaintiff).

6-    On June 26, 2007 at approximately 12:16am, Plaintiff received an unsolicited fax promoting
investment in shares of stock for BioQuest Inc. (see attached "B", copy of fax received by Plaintiff)

7-    On July 9, 2007 at approximately 2:26am, Plaintiff received an unsolicited fax promoting
investment in shares of stock for My Vintage Baby Inc. (see attached "C", copy of fax received by
Plaintiff)

8-    On August 27, 2007 at approximately 1:43am, Plaintiff received an unsolicited fax promoting investment in shares of stock for Connect-A-Jet. (see attached "D", copy of fax received by Plaintiff)

9-    On March 18, 2008 at approximately 6:04 pm, Plaintiff received an unsolicited fax promoting investment in shares of stock for Inca Designs (see attached "E", copy of fax received by Plaintiff)

10-   On March 18, 2008 at approximately 9:32 pm, Plaintiff received another unsolicited fax promoting investment in shares of stock for Inca Designs (see attached "F", copy of fax received by Plaintiff)

11-   Plaintiff has researched the firms and found that all of the firms involved utilize The Cervelle Group, and specifically David Donlin, for purposes of helping the client find a shell corporation to use for the offering and the organization of the shares, and for promotion within the financial community and for investor and public relations for the individual firms. Cervelle generally receives both cash payments and securities prior to the public offering of the client's stock. They are believed to be the actual parties responsible for sending the faxes, along with 2 or more of the other defendants.
( http://www.thecervellegroup.com/)

Claim of Relief

12-   Defendants have violated 47 USC §227(b)(1)(C) by sending 6 unsolicited faxes to the Plaintiffs fax machine without an EBR- Established Business Relationship.

13-   Defendants have violated 73 P.S. §2250.3 by sending 6 faxes with misleading advertising.

14-   Defendants have violated 15 USC §78j(b) by using manipulative and deceptive devices in conjunction with the exchange of securities through instrument of interstate commerce (telephone/fax) and by doing so have caused the Plaintiff actual losses.

15-   As a result of the above violations, the Defendants are liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the law, as well as Plaintiff's actual damages, statutory damages, costs and attorney's fees.

Wherefore, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.    Declaratory judgment that Defendants' conduct violated 47 USC §227 (b)(1)(C).

B.    Declaratory judgment that Defendants' conduct violated 73 P.S. §2250.3

C.    Declaratory judgment that Defendants' conduct violated 15 USC §78j(b).

D.    Statutory damages of $9,000 pursuant to 47 USC §227(b)(3)(B)
      (see Plaintiff's Motion to Treble Damages)

E.    Actual Losses of $1.50 (6 faxes @ .25 cents each for electricity, paper and toner) pursuant to 15 USC §78r.

F.    For such other and further relief as the court may deem to be just and proper.

Respectfully Submitted,

Erik T. Robinson Plaintiff/Attorney Pro Se                    4/2/08
                                                              Date