IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIK T. ROBINSON : CIVIL ACTION NO. 08-1592
:
v. :
:
THE CERVELLE GROUP, LLC, :
MY VINTAGE BABY, BIOSTEM INC., :
CRYO-BANKS INTERNATIONAL, :
BIOQUEST TECHNOLOGIES, :
CONNECT-A-JET and :
INCA DESIGNS :

## DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT OR IN THE ALTERNATIVE ORDER A MORE DEFINITE STATEMENT

AND NOW, COMES the Defendant, The Cervelle Group, LLC, by and through its attorneys, Cerullo, Datte & Wallbillich, P.C., who bring this Motion to Dismiss the Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6) or in the alternative for a more definite statement pursuant to F.R.C.P. 12(e) and in support thereof avers the following:

## I. DEFENDANTS MOTION TO DISMISS THE VIOLATION OF THE JUNK FAX PROTECTION ACT OF 2005 CLAIM IN THE PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(1).

1.     The Defendant, The Cervelle Group, LLC, is a limited liability corporation, which has a principal place of business of Altamonte Springs, Florida.

2.     The Plaintiff, Erik T. Robinson, is a private individual, who resides in Philadelphia, Pennsylvania.

3.     The Plaintiff brought this action pursuant to the Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331.

4.     The Plaintiff did not aver that he brought this action pursuant to the Court's diversity of citizenship subject matter jurisdiction under 28 U.S.C. § 1332.

5.      The Plaintiff's pleadings prevent the Plaintiff from bringing this action pursuant to the Court's diversity of citizenship subject matter jurisdiction.

6.      The Junk Fax Protection Act of 2005 is properly known as the Telephone Consumer Protection Act.

7.      The Telephone Consumer Protection Act establishes a private cause of action for its breach, *viz.* 47 U.S.C. § 227(b)(3).

8.      Federal District Courts lack federal question subject matter jurisdiction over the private cause of action established by the Telephone Consumer Protection Law.

WHEREFORE, this Honorable Court lacks federal question subject matter jurisdiction over the Plaintiff's private cause of action for the alleged violation of the Telephone Consumer Protection Act, the  Defendant respectfully prays that this Honorable Court dismiss this claim in the Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(1).

## II.  DEFENDANT'S MOTION TO DISMISS THE VIOLATION OF THE SECURITIES AND EXCHANGE ACT OF 1934 CLAIMANT OF PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6).

9.      The Defendant incorporates the averments in Paragraphs 1 through 8, inclusive, as though fully set forth herein.

10.      Section 10b-5 of Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b)) provides:

> It shall be unlawful for any person, directly or indirectly by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange [...] (b) to use or employ in connection with the purchase or resale of any security registered on a national securities exchange or any

securities not so registered, or any securities based swap agreement
(as defined in Section 206B of the Gramm - Leach - Bliley Act),
any manipulative or deceptive devise or contrivance a
contravention to such rules and regulations as the commission may
prescribe as necessary or appropriate in the public interest or for
the protection of investors.

12.     The Plaintiff's Complaint does not aver, which "manipulative and deceptive
devise" the Defendant utilized.

13.     The Plaintiff's averments in his Complaint concerning the alleged violations of
the Securities and Exchange Act of 1934 merely legal conclusions.

14.     The Plaintiff has failed to establish the necessary elements of his cause of action
under the Security and Exchange Act, specifically that the Defendant utilized a "manipulative or
deceptive devise".

15.     The violations fo the Securities and Exchange Act of 1934 claim in the Plaintiff's
Complaint failed to state a claim upon which relief can be granted.

WHEREFORE, the Plaintiff has failed to aver an essential element of his claim under
Section 10b-5 of the Securities and Exchange Act of 1934 and thus has failed to state a claim
upon which relief could be granted, the Defendant respectfully prays that this Honorable Court
dismiss this claim in the instant Complaint pursuant to F.R.C.P. 12(b)(6).

### III.  IN THE ALTERNATIVE, DEFENDANT'S MOTION SEEKING TO HAVE THE PLAINTIFF FILE A MORE DEFINITE STATEMENT AS TO THE SECURITIES EXCHANGE ACT OF 1934 VIOLATION CONTAINED IN HIS COMPLAINT PURSUANT TO F.R.C.P.12(e).

16.     The Defendant incorporates the averments of Paragraphs 1 through 15, inclusive,
as if fully set forth herein.

17.     The count in the Plaintiff's Complaint relative to § 10b-5 of the Securities and Exchange Act of 1934 does not place the Defendant on notice as to the basis of the claim.

18.     The Plaintiff's Complaint only states legal conclusions as to the alleged violation of § 10b-5 of the Securities and Exchange Act of 1934.

19.     The Defendant cannot be reasonably expected to prepare a responsive pleading to this claim.

20.     The Defendant is entitled to an order directing the Plaintiff to file a more definite statement relative to his claim averring a violation of the Securities and Exchange Acts of 1934.

WHEREFORE, the Plaintiff's Complaint fails to place the Defendant on notice as to the basis of his claim pursuant to Section 10b-5 of the Securities and Exchange Acts of 1934 the Defendant respectfully prays that this Honorable Court grant its motion and order the Plaintiff to file a more definite statement pursuant to F.R.C.P. 12(e).

## IV.  DEFENDANT'S MOTION TO DISMISS THE VIOLATION OF THE PENNSYLVANIA UNSOLICITED TELECOMMUNICATION ADVERTISEMENT ACT CLAIM IN THE PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12B-1.

21.     The Defendant incorporates the averments contained in Paragraphs 1 through 20, inclusive, as if fully set forth herein.

22.     This Honorable Court has subject matter jurisdiction over the Pennsylvania Unsolicited Telecommunication Advertisement Act claim pursuant to its supplemental jurisdiction contained in 28 U.S.C. § 1367.

23.     Should this Honorable Court grant the Defendant's Motions I and II contained

herein, there will be no federal question subject matter jurisdiction relative to the instant Complaint.

24.     The Plaintiff did not aver sufficient facts for this Honorable Court to have diversity of citizenship subject matter jurisdiction.

25.     Should this Honorable Court grant the Defendant's Motions I and II herein, then this Honorable Court will lack subject matter jurisdiction over the Plaintiff's state claim as to the violation of the Pennsylvania Unsolicited Telecommunications Advertisement Act.

WHEREFORE, this Honorable Court has dismissed the Federal claims in the Plaintiff's Complaint that create supplemental subject matter jurisdiction over the Pennsylvania Unsolicited Telecommunication Advertisement Act claim the Defendant respectfully prays that this Honorable Court dismiss the Plaintiff's claim made under the Pennsylvania Unsolicited Telecommunication Advertisement Act pursuant to F.R.C.P. 12(b)(1).

### V.  IN THE ALTERNATIVE, DEFENDANT'S MOTION TO DISMISS THE VIOLATION OF THE PENNSYLVANIA UNSOLICITED TELECOMMUNICATION ADVERTISEMENT ACT CLAIM IN THE PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6).

26.     The Defendant incorporates the averments in Paragraph 1 through 25, inclusive, as if fully set forth herein.

27.     The Pennsylvania Unsolicited Telecommunication Advertisement Act provides:

A general rule. - No person may initiate a transmission or conspire with another person to initiate a transmission or assist a transmission of an unsolicited commercial electronic mail message or fax from a computer or fax machine located in this Commonwealth or to an electronic mail address that:

1.     Uses a third party's internet domain name in the return of an electronic mail message without

permission of the third party;

2.      Includes false or misleading information in the return address portion of the electronic mail, facsimile or wireless advertisement such that the recipient would be unable to send a reply message to the original authentic sender;

3.      Pertains false or misleading information in the subject line or;

4.      Fails to operate a valid sender - operator return email address or toll free telephone number that the recipient of the unsolicited documents may email or call to notify the sender not to transmit further unsolicited documents.

28.      The Plaintiff did not aver the return address portion of the facsimile advertisement contain false or misleading information such that he was unable to send a reply message to the original authentic sender.

29.      The Plaintiff did not aver that the subject line of the facsimile contained false or misleading information.

30.      The Plaintiff did not aver that the defendant failed to operate a valid sender-operator return email address or toll free telephone number so that he could email or call to notify the sender not to transmit further unsolicited documents.

31.      The Plaintiff did not aver the Defendant sent him an electronic mail message.

32.      The Plaintiff has failed to establish that he is entitled to relief under the Pennsylvania Unsolicited Telecommunication Advertisement Act.

WHEREFORE, the Plaintiff has failed to aver an essential element of his claim under the Pennsylvania Unsolicited Telecommunication Advertisement Act and thus has failed to state a

claim upon which relief could be granted, the Defendant respectfully prays that this Honorable Court dismiss the instant Complaint pursuant to F.R.C.P. 12(b)(6).

## VI.  FURTHER IN THE ALTERNATIVE, DEFENDANT'S MOTION TO HAVE THE PLAINTIFF FILE A MORE DEFINITE STATEMENT TO THE VIOLATION OF THE PENNSYLVANIA UNSOLICITED TELECOMMUNICATION ADVERTISEMENT ACT PURSUANT TO F.R.C.P. 12(e).

33.     The Defendant incorporates the averments in Paragraphs 1 through 32, inclusive, as if fully set forth herein.

34.     The violation of the Pennsylvania Unsolicited Telecommunication Advertisement Act claim in the Plaintiff's Complaint fails to place a Defendant on notice as to the basis of the claim.

35.     The Plaintiff's only sets forth legal conclusions, specifically Paragraph 13 of the Complaint states: "Defendants have violated 73 P.S. § 2250.3 by sending six (6) faxes with misleading advertising."

36.     The Plaintiff's Complaint does not place the Defendant on notice as how it violated the Pennsylvania Unsolicited Telecommunications Act.

37.     The Defendant cannot reasonably be expected to prepare a responsive pleading to this claim.

38.     The Defendant is entitled to an order to directing the Plaintiff to file a more definite statement relative to the violation of the Pennsylvania Unsolicited Telecommunication Advertisement Act in order to prepare its responsive pleading pursuant to F.R.C.P. 12(e).

WHEREFORE, the Plaintiff's Complaint fails to place the Defendant on notice as to the basis of his claim brought pursuant to the Pennsylvania Unsolicited Telecommunication

Advertisement Act the Defendant respectfully prays this Honorable Court grant its motion and order the Plaintiff to file a more definitive statement pursuant to F.R.C.P. 12(e).

Respectfully submitted,

CERULLO, DATTE & WALLBILLICH, P.C.

Dated: June 9, 2008

By:＿＿＿/s/ Paul J. Datte, Esquire＿＿＿＿＿＿
    Paul J. Datte, Esquire
    I.D. No. 36816
    450 West Market Street
    Pottsville, PA  17901
    (570) 622-0767

Attorneys for Defendant, The Cervelle Group, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK T. ROBINSON | : CIVIL ACTION NO. 08-1592 |
| | : |
| v. | : |
| | : |
| THE CERVELLE GROUP, LLC, | : |
| MY VINTAGE BABY, BIOSTEM INC., | : |
| CRYO-BANKS INTERNATIONAL, | : |
| BIOQUEST TECHNOLOGIES, | : |
| CONNECT-A-JET and | : |
| INCA DESIGNS | : |

**DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE
PLAINTIFF'S COMPLAINT, OR IN THE ALTERNATIVE ORDER A MORE
DEFINITE STATEMENT**

I.      **ISSUES PRESENTED.**

    A.      **WHETHER THIS HONORABLE COURT HAS SUBJECT MATTER
JURISDICTION OVER THE ALLEGED VIOLATION OF THE
TELEPHONE CONSUMER PROTECTION ACT COUNT IN THE
PLAINTIFF'S COMPLAINT?**

        **SUGGESTED ANSWER:   IN THE NEGATIVE.**

    B.      **WHETHER BY FAILING TO AVER THE ELEMENTS OF A CAUSE OF
ACTION COMPLAINED OF IN HIS COMPLAINT, THE PLAINTIFF
FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN
BE GRANTED?**

        **SUGGESTED ANSWER:   IN THE AFFIRMATIVE.**

        1.      **WHETHER THE PLAINTIFF FAILED TO AVER THE
NECESSARY ELEMENTS OF THE VIOLATION OF THE
PENNSYLVANIA UNSOLICITED TELECOMMUNICATIONS
ADVERTISEMENT ACT CLAIM AND THUS HAS FAILED TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

SUGGESTED ANSWER:   IN THE AFFIRMATIVE.

2.      WHETHER THE PLAINTIFF FAILED TO AVER THE
        ELEMENTS OF THE VIOLATION OF SECTION 10b-5 OF THE
        SECURITIES AND EXCHANGE ACT OF 1934 AND THUS HAS
        FAILED TO STATE A CAUSE OF ACTION UPON WHICH
        RELIEF COULD BE GRANTED?

        SUGGESTED ANSWER:   IN THE AFFIRMATIVE.

C.  WHETHER WHEN A PLAINTIFF FAILS TO AVER FACTS
    SUFFICIENT TO DEMONSTRATE THE BASIS OF A CLAIM IN THEIR
    COMPLAINT A MOTION FOR A MORE DEFINITIVE STATEMENT
    PURSUANT TO F.R.C.P. 12(e) IS PROPER?

    SUGGESTED ANSWER:   IN THE AFFIRMATIVE.

1.      WHETHER THE PLAINTIFF FAILED TO AVER SUFFICIENT
        FACTS IN THE VIOLATION OF PENNSYLVANIA
        UNSOLICITED TELECOMMUNICATION ADVERTISEMENT
        ACT OF HIS COMPLAINT TO PLACE THE DEFENDANT ON
        NOTICE OF THE BASIS OF HIS CLAIM AND THUS ENTITLE
        THE DEFENDANT TO AN ORDER DIRECTING THE PLAINTIFF
        TO MAKE A MORE DEFINITIVE STATEMENT PURSUANT TO
        F.R.C.P. 12(e)?

        SUGGESTED ANSWER:   IN THE AFFIRMATIVE.

2.      WHETHER THE PLAINTIFF FAILED TO AVER SUFFICIENT
        FACTS IN THE VIOLATION OF § 10b-5 OF THE SECURITIES
        AND EXCHANGE ACT CLAIM OF HIS COMPLAINT TO PLACE
        THE DEFENDANT ON NOTICE AS TO THE BASIS OF HIS
        CLAIM AND THUS ENTITLE THE DEFENDANT TO AN ORDER
        DIRECTING THE PLAINTIFF TO MAKE A MORE DEFINITIVE
        STATEMENT PURSUANT TO F.R.C.P. 12(e)?

        SUGGESTED ANSWER:   IN THE AFFIRMATIVE.

## II.     FACTUAL BACKGROUND

This action was commenced on April 7, 2008, with the Plaintiff filing a Complaint against numerous defendants, including *inter alia*, The Cervelle Group.  In this Complaint, the Plaintiff alleges three (3) cause of action, to wit: (1) A violation of the "Junk Fax Protection Act of 2005"[1] [47 U.S.C. § 227]; (2) A violation of the Pennsylvania Unsolicited Telecommunication Advertisement Act [73 P.S. § 2250.1, et. seq.]; and (3) Section 10b-5 of the Securities and Exchange Act of 1934.  [hereinafter referred to as "Section 10B-5"][15 U.S.C. § 78(g)(b)].

In support of these claims, the Plaintiff has averred that he received six (6) unsolicited facsimiles from six (6) separate business entities, specifically the Plaintiff averred:

5.     On May 22, 2007 at approximately 12:46 a.m., Plaintiff received an unsolicited fax from BioStem, Inc. with regard to the upcoming takeover from Cryo-Banks International (See attached "A", copy of fax received by Plaintiff.[2]

6.     On June 26, 2007 at approximately 12:16 a.m. Plaintiff received an unsolicited fax promoting investment and shares of stock for BioQuest, Inc. (See attached "B", copy of fax received by Plaintiff).

7.     On June 9, 2007 at approximately 2:26 a.m., Plaintiff received an unsolicited fax promoting investment and shares of stock for My Vintage Baby, Inc.  (see attached "C", copy of fax received by Plaintiff).

8.     On August 27, 2007 at approximately 1:43 a.m., Plaintiff received an unsolicited fax promoting investment and shares of stock of Connect-R-Jet. (See attached "D", copy of fax received by Plaintiff).

---

[1]  This is actually codified as part of the Telephone Consumer Protection Act.

[2]  The Defendant notes that the Plaintiff states that he attached copies of the offending facsimiles as Exhibit "A" through "F" but they are not attached to the Complaint either served upon the Defendant or with a copy filed with this Honorable Court.

9.     On March 18, 2008, at approximately 6:04 p.m., Plaintiff received an unsolicited fax promoting investment and shares of stock for Inca Designs (see attached "E", copy of fax received by Plaintiff).

10.    On March 18, 2008, at approximately 9:32 p.m., Plaintiff received another unsolicited fax promoting investment and shares of stock for Inca Designs (see attached "F", copy of fax received by Plaintiff).

The Plaintiff then goes on to aver that each of these business entities who sent him the unsolicited facsimiles utilizes the services of The Cervelle Group to market the stocks, and therefore is believed to be the party actually responsible for sending the faxes.  Specifically, the Plaintiff averred:

11.    Plaintiff has researched the firms and found that all the firms involved utilized The Cervelle Group, and specifically David Donlin, for purposes of helping the client find a shell corporation to use for the offering and the organization of the shares, and for promotion within the financial community and for investor and public relations for the individual firms.  Cervelle generally receives both cash payments and securities prior to the public offering of the client's stock.  They are believed to be the actual parties responsible for sending the faxes, along with two or more of the other defendants.

The Plaintiff then goes on to state several legal conclusions concerning the violation of each of the aforesaid statutes; specifically the Plaintiff averred:

12.    Defendants have violated 42 U.S.C. § 227(b)(1)(C) by sending six (6) unsolicited faxes to the Plaintiff's fax machine without an EBR-Established Business Relationship.

13.    Defendants have violated 73 P.S. § 2250.3 by sending six faxes with misleading advertising.

14.    Defendants have violated 15 U.S.C. § 78j(b) by using

manipulative and deceptive devises in conjunction with the exchange of securities through instrument of interstate commerce (telephone/fax) and by doing so have caused the Plaintiff actual losses.

15.   As a result of the above violations, the Defendants are liable to the Plaintiff for declaratory judgment that defends its conduct violated the law as well as the Plaintiff actual damages, statutory damages, costs and attorneys fees.

The foregoing paragraphs constitute the extent of the Plaintiff's pleadings as to his causes of action.

## VIII.   ARGUMENT

### A.   THIS HONORABLE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIM IN THE PLAINTIFF'S COMPLAINT THAT ALLEGES  A VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT.

United States District Courts only have the jurisdiction that Congress statutorily bestows upon them.  *See ErieNet, Inc. vs. Velocity Net Inc.*, 156 F.3d.513, 515 (3d. Cir. 1998).  There while affirming the dismissal of the Plaintiff's cause of action brought pursuant to the private enforcement provisions of the Telephone Consumer Protection Act, [hereinafter referred to as "TCPA"], for a lack of subject matter jurisdiction, the court held that *when Congress enacted the TPCA they intended to authorize a private cause of action only in state courts and to withhold federal jurisdiction. Id.* at 517. [emphasis added].

In *ErieNet,* ErieNet, an internet service provider, and various individuals brought an action in Federal District Court pursuant to the private enforcement provisions of the TCPA.  *Id.* at 517.  Specifically, the Plaintiffs in *ErieNet* alleged that the Defendant, Velocity Net, another internet service provider, violated the TCPA when its employees and agents sent unsolicited emails to ErieNet subscribers.  *Id.*   The federal district court dismissed the action for lack of subject matter jurisdiction; ErieNet appealed to the Third Circuit Court of Appeals, which affirmed the District Court.  *Id.*

As in *ErieNet*, where the Plaintiffs received unsolicited emails, in the case at bar, Mr. Robinson allegedly received unsolicited facsimiles.  Moreover, as the Plaintiffs in *ErieNet* filed their action in the Federal District Court, in the case *sub judice*, Mr. Robinson filed his action in the Federal District Court.  Accordingly, as in *ErieNet*, where the Federal District Court lacked subject matter jurisdiction over *ErieNet's* claims filed under the private enforcement provisions of the TCPA, in the instant case, this Honorable Court lacks subject matter jurisdiction over the TCPA claim in Mr. Robinson's Complaint.  Therefore, this Honorable Court should dismiss the Plaintiff's cause of action brought pursuant to the TCPA for want of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1).

**B.    BY FAILING TO ALLEGE THE ELEMENTS OF THE OFFENSE COMPLAINED OF IN HIS COMPLAINT, THE PLAINTIFF HAS FAILED TO TATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

In deciding F.R.C.P. 12(b)(6) motions, the court must accept as true all allegations contained in the Complaint as well as all reasonable inferences that can be drawn from them in the light most favorable to the nonmoving party.  *See Jordan v. Fox, Rothchild, O'Brien and Frankel*, 20 F. 3d. 1250, 1261 (3d. Cir. 1994).  When the complaint is attacked under F.R.C.P. 12(b)(6) it does not need to contain detailed factual allegations, but the Plaintiff is still obligated to provide the grounds of his entitlement to relief, which requires more than simply stating legal conclusions.  *See Bell Atlantic Corporation v. Towombly,* 127 S. Ct. 1955, 1965 (2007).

In *Bell Atlantic*, the Respondents brought a complaint that alleged a violation of Section 1 of the Sherman Act, which prohibits in relevant part "[A] contract, combination, or conspiracy in restraint of trade of commerce."  *Id.* at 1962.  There the Court held that to maintain a claim under § 1 of the Sherman Act the Complaint must set forth enough factually material allegations to suggeset an agreement was made to violate the Act.  *Id*. 1962.  In dismissing the Respondent's Complaint under F.R.C.P.12 (b)(6) the Court found that the Complaint failed to allege a necessary element of the offense; specifically an agreement to violate the Act.  *Id.* at 1970-71.

-14-

1.    **The Plaintiff failed to allege the necessary elements of the Unsolicited Telecommunications Advertisement Act claim in his Complaint, and thus failed to state a claim upon which relief can be granted.**

In the instant case, the Plaintiff asserts that the Defendant violated Pennsylvania's Unsolicited Telecommunications Advertisement Act which provides in relevant part:

Section 2250.3.  Prohibition of Unsolicited or Misleading Commercial, Electronic Mail Messages and Faxes.

A.    General Rule. - No person may initiate a transmission or conspire with another person to initiate a transmission or assist a transmission of an unsolicited commercial, electronic mail message or a fax from a compute or fax machine located in this Commonwealth or to an electronic mail address that:

1.    Uses a third party's internet domain name in the return of the electronic mail message without permission of the third party;

2.    Includes false or misleading information on the return address portion of the electronic mail, facsimile or wireless advertisement such that the recipient will not be able to send a reply message to the original authentic sender;

3.    Contains false or misleading information in the subject line; or

4.    Fails to operate a valid sender-operated return email address or toll free telephone number that the recipient of the unsolicited documents may email or call to notify the sender not to transmit further unsolicited documents.

B.    Covered Mobile Telephone Messaging Systems - No person may use a covered mobile telephone messaging system to transmit unsolicited commercial electronic mail message.

As in *Bell Atlantic,* where the Respondents failed to aver the existence of an agreement between the two parties, which was necessary to establish a violation of § 1 of the Sherman Act, in the instant case, Mr. Robinson failed to allege any facts in his Complaint that establish the elements of his Unsolicited Telecommunications Advertisement Act claim.  Moreover, Mr. Robinson did not even attach a copy of the alleged advertisements to his Complaint,[3] which would permit this Honorable Court to draw reasonable inferences from them; rather as the Respondents in *Bell Atlantic*, the Plaintiff in the instant case merely states legal conclusions that the statute has been violated.  Specifically, Paragraph 13 of the Plaintiff's Complaint provides: "Defendants have violated 73 P.S. § 2250.3 by sending six (6) faxes with misleading advertising."  Therefore, as in *Bell Atlantic* where the Court dismissed the Respondents' claim pursuant F.R.C.P. 12(b)(6), in the case *sub judice*, this Honorable Court should likewise grant the Defendant's Motion to Dismiss the Unsolicited Telecommunications Advertisement Act claim in the Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6).

> **2.      The Plaintiff failed to allege the necessary elements of his 10b-5 claim in his Complaint and thus failed to state a claim upon which relief can be granted.**

In the instant case, the Plaintiff avers a violation of § 10b-5 of the Securities and Exchange Act of 1934, [15 U.S.C. § 78j(b)], which provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or any facility or any national securities exchange  - - (b) to use or employee, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any security based swap agreement (as defined in Section 206B of the Gramm - Leach - Bliley Act), any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the commission may prescribe as necessary as appropriate in the public interest or for the protection

---

[3]  The Plaintiff actually references these facsimiles in his Complaint as being attached as Exhibits A through F, but the Plaintiff neglects to attach Exhibits to his Complaint.

of investors.

As in *Bell Atlantic,* where the respondents merely averred a violation of the statute without averring facts as to the elements of the complained of offense, in the instant matter, Mr. Robinson fails to plead facts to establish the elements of a violation of 15 U.S.C. § 78j(b). Rather as the Respondents in *Bell Atlantic*, Mr. Robinson only avers the legal conclusion that 15 U.S.C. § 78j(b) was violated; specifically, Paragraph 14 of the Plaintiff's Complaint provides:

> Defendants have violated 15 U.S.C. § 78j(b) by using manipulative and deceptive devices in conjunction with the exchange of securities through the instrument of interstate commerce (telephone/fax) and by doing so has caused the Plaintiff actual losses.

Therefore, as in *Bell Atlantic,* where the Court dismissed the Respondent's Complaint for its failure to state a claim upon which relief could be granted, this Honorable Court should do the same in the instant case.

**C.  WHEN THE PLAINTIFF FAILS TO AVER SUFFICIENT FACTS IN THE COMPLAINT TO PLACE THE DEFENDANT ON NOTICE AS TO THE BASIS OF THE PLAINTIFF'S CLAIM THE DEFENDANT IS ENTITLED TO AN ORDER DIRECTING THE PLAINTIFF TO FILE A MORE DEFINITIVE STATEMENT PURSUANT TO F.R.C.P. 12(e).**

A motion for a more definitive statement will be granted only, "if a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to favor responses pleading." *See Fraizer vs. Southeastern Pennsylvania Transportation Authority*, 868 F. Supp. 757, 763 (E.D. Pa. 1994)(*quoting Arthur A. Aranson, Inc. vs. Ing-Rich Metal Products*, 12 F.D.R. 528, 530 (W.D. Pa. 1952)).  Additionally, a motion for a more definitive statement is generally disfavored and the use is to provide a remedy for an unintelligible pleading rather than the correction for a lack of detail.  *See Fraizer, supra.*  (*citing Resolution Trust Corporation vs. Gershman*, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993)).

In denying the defendant's motion for a more definitive statement in *Fraizer,* the court held the complaint placed the defendant on notice as to the nature and the basis of the plaintiff's

claim.  *See Fraizer, supra.*, at 763.  There the plaintiff was a passenger on a bus, which was operated by the defendant that came to an abrupt stop in the middle of a city block; thereby causing the plaintiff to suffer an injury.  *Id.* at 759.  As a result of the injury suffered by the plaintiff she started a personal injury lawsuit in the Court of Common Pleas of Philadelphia County.  *Id.*  During the course of this lawsuit, the Defendant engaged in video and other surveillance of the Plaintiff doing her daily activities.  *Id.*  As a result of this surveillance, the Plaintiff allegedly suffered emotional distress and commenced a civil rights action in the federal district court pursuant to Section 1983 of the Civil Rights Act.  The Defendant sought to remove the personal injury action from the state court to federal court pursuant to the federal court's supplemental jurisdiction.  *Id.*  The Defendant also filed a motion for a more definitive statement relative to the Plaintiff's 1983 complaint, where the plaintiff averred:

> 56.   At all relevant times sector established and maintained, with deliberate indifference to the consequences, or policy, practice or custom of engaging in intentionally unsettling in intrusive surveillance of injury claimants and more specifically a plaintiff in order to discourage claims and to punish those who bring claims.

> 57.   This policy of engaging in intentionally unsettling and intrusive surveillance was vigorously applied to the plaintiff in a deliberate and/or reckless to pray on plaintiff's mental weakness and frailties previously known to and ascertained by defendant.

The Complaint goes on to contend that by engaging in this conduct the Defendant violated numerous constitutional rights of the Plaintiff.  *Id.* at 763.

**1.    The Plaintiff failed to aver sufficient facts in the Unsolicited Telecommunications Advertisement Act of Claim of his Complaint to place the defendant on notice as to the basis of his claim.**

Like in *Fraizer*, where the Plaintiff placed the Defendant on notice as to the nature of the action she commenced, in the instant matter, Mr. Robinson placed the Defendant on notice as tot he nature of his claim he commenced, specifically a private enforcement action under the

Pennsylvania Unsolicited Telecommunication Advertisement Act.  However, unlike in *Fraizer* where the Plaintiff also averred facts that informed the Defendant as to the basis of her claim, in the instant case, Mr. Robinson failed to aver facts that placed the defendant on notice as to the basis of his claim under the Pennsylvania Unsolicited Telecommunication Advertisement Act. Specifically, the Plaintiff only averred:

> 11.   Plaintiff has researched the firms and found that all of the firms involved utilized The Cervelle Group, specifically David Donlin, for purposes of helping the client find a shell corporation to use for the offering and organization of their shares and for promotion within the financial community and for investor for public relations for the individual firms. Cervelle generally receives both cash payments and securities prior to the public offering of the client's stock. They are believed to be the actual parties responsible for sending the faxes along two or more of the other defendants.

> **************************************************

> 13.   Defendants have violated 73 P.S. § 2250.3 by sending six faxes with misleading advertising.

Neither of the foregoing averments places the Defendant on notice as to the basis of the Plaintiff's cause of action under the Unsolicited Telecommunications Advertisement Act, private enforcement provisions.  Therefore, the Defendant is entitled to an order directing the plaintiff to provide a more definitive statement pursuant to F.R.C.P. 12(e).

> **2.   The Plaintiff failed to aver sufficient facts in the 10b-5 claim in his Complaint to place the Defendant on notice as to the basis of the claim.**

Like in *Fraizer* where the Plaintiff placed the Defendant on notice as to the nature of the action she commenced, in the instant case, Mr. Robinson placed the Defendant on notice as to the claim he commenced, specifically a violation of Section 10b-5 of the Securities and Exchange

Act of 1934.  However, unlike in *Fraizer* where the Plaintiff also avers sufficient facts to place

the Defendant on notice as to the basis of her claim against the Defendant in the case at bar, Mr.

Robinson failed to aver facts that would place the defendant on notice as to the basis of the claim

that the Defendant, violated Section 10b-5 of the Securities and Exchange Act of 1934.

Specifically, the Plaintiff only avers that:

> 11.    Plaintiff has researched the firms and found that all the
> firms involved utilize The Cervelle Group, specifically
> David Donlin, for purposes of helping the client find a shell
> corporation for the offering and the organization of the
> shares and for promotion within the financial and for
> investor and public relations for the individual firms.  The
> Cervelle Group usually receives both cash payments and
> securities prior to the public offering of the client's stock.
> They are believed to be the actual parties responsible for
> sending the faxes, along with two or more of the other
> Defendants.
>
> ************************************************
>
> 14.    Defendants have violated 15 U.S.C. § 78(j)(b) by using
> manipulative and deceptive devices in conjunction with the
> exchange of securities through instrument of interstate,
> telephone and/or fax and by doing so has caused the
> Plaintiff actual losses.

Neither of the foregoing averments place the Defendant on notice as to the basis of the

Plaintiff's allegations that the Defendant violated the Securities and Exchange Act of 1934 as the

Plaintiff's averments specific to the violation of the Act merely states legal conclusion.

Specifically, the Plaintiff never averred which manipulative or deceptive devise the Plaintiff

utilized.  As such, the Defendant could not be reasonably expected to draft a responsive pleading

without knowing the basis for the Plaintiff's Complaint; as such, a motion for a more definitive

statement is proper under F.R.C.P. 12(e).

**IV.     CONCLUSION.**

For the reasons heretofore stated, the Defendant respectfully prays that this Honorable Court dismisses the Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(1) and/or F.R.C.P. 12(b)(6); or in the alternative grant its motion for the Plaintiff to file a more definite statement pursuant to F.R.C.P. 12(e).

Respectfully submitted,

CERULLO, DATTE & WALLBILLICH, P.C.

Dated: June 9, 2008               By: ____/s/ Paul J. Datte, Esquire_____
                                              Paul J. Datte, Esquire
                                              I.D. No. 36816
                                              450 West Market Street
                                              Pottsville, PA  17901
                                              (570) 622-0767

Attorney for Defendant, The Cervelle Group, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIK T. ROBINSON : CIVIL ACTION NO. 08-1592
:
v. :
:
THE CERVELLE GROUP, LLC, :
MY VINTAGE BABY, BIOSTEM INC., :
CRYO-BANKS INTERNATIONAL, :
BIOQUEST TECHNOLOGIES, :
CONNECT-A-JET and :
INCA DESIGNS :

### CERTIFICATE OF SERVICE

Paul J. Datte, Esquire, hereby certifies that a true and correct copy of the Motion of Defendant The Cervelle group, LLC  to Dismiss the Plaintiff's Complaint or in the alternative Defendant's Motion for a More Definite Statement, and the Brief in Support thereof, was served by United States First Class Mail, postage prepaid on this day, June 9, 2008, upon the on the person(s) and to the addresses indicated below:

Erik T. Robinson                     My Vintage Baby                  BioStern Inc.
2735 Harper Street                 Suite 301                            Suite 120
Philadelphia, PA 19130           403 Powerhouse Street        200 Hannover Park Road
                                           McKinney, TX 75071            Atlanta, GA 30350

Cryo-Banks International         BioQuest Technologies           Connect-A-Jet
Suite 1000                            Suite 6                               Suite 200
270 Northlake Blvd.               801 Maplewood Drive            9211 Waterford Center
Altamonte Springs, FL  32701  Jupiter, FL  33458               Austin, TX  78758

Inca Designs
Suite 906
53 West 36th Street
New York, NY 10018

CERULLO, DATTE & WALLBILLICH, P.C.

Dated: June 9, 2008                By:      /s/ Paul J. Datte, Esquire
                                            Paul J. Datte, Esquire
                                            Attorney I.D. No. 36816
                                            Garfield Square
                                            450 West Market Street
                                            P. O. Box 450
                                            Pottsville, PA   17901
                                            (570) 622-0767
                                       Attorney for Defendant, The Cervelle Group, LLC